NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESLIE JACK, individually and as Personal Representative of Patrick Jack; DAVID JACK, individually, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DCO, LLC, FKA Dana Companies, LLC; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> BORG-WARNER MORSE TEC LLC, sued individually and as successor-in-interest to Borg-Warner Corporation, <br><br> Defendant. | No.   19-35563 <br><br> D.C. No. 2:17-cv-00537-JLR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted February 2, 2021
Seattle, Washington

Before:  GRABER, McKEOWN, and PAEZ, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Leslie and David Jack (the "Jacks") appeal the district court's grant of summary judgment for Union Pacific Railroad Company ("UP") and grant of post-trial motions for judgment as a matter of law for Ford Motor Company ("Ford") and DCo, LLC ("DCo") in an action under Washington law arising out of Patrick Jack's ("Patrick") development of, and ultimate death from, asbestos-related mesothelioma. The parties are familiar with the facts, so we discuss them below only as relevant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review the district court's orders de novo. *Rose v. A.C. & S., Inc.*, 796 F.2d 294, 296 (9th Cir. 1986) (summary judgment); *Reese v. County of Sacramento*, 888 F.3d 1030, 1036 (9th Cir. 2018) (renewed motion for judgment as a matter of law). We also review de novo the district court's interpretation of state law. *Rose*, 796 F.2d at 296.

The Jacks did not present evidence sufficient to raise a triable issue of fact that asbestos was present on UP's premises, that Patrick or his father actually encountered asbestos, and that exposure was a "substantial factor" causing Patrick's mesothelioma. *See Lockwood v. AC & S, Inc.*, 744 P.2d 605, 623 (Wash. 1987) (en banc). No jury could have reasonably inferred that asbestos was present at UP's premises on this record, where the Jacks rely on Patrick's testimony that he

---

[1] We also deny Appellants' Motion to Certify Questions to the Washington State Supreme Court (Dkt. 46).

saw "white chalky material" on UP's premises and Dr. Brodkin's opinion, which in turn was based on Patrick's testimony and a study of a different railway system for a different case.

Even if asbestos were present at UP's premises, the take-home exposure claim additionally fails on legal duty. Under Washington law, "duty encompasses the concept of foreseeability." *Maltman v. Sauer*, 530 P.2d 254, 258 (Wash. 1975) (en banc). Washington courts look to evidence specifically addressing the foreseeability of risks to someone in the plaintiff's position. *See Keller v. City of Spokane*, 44 P.3d 845, 848 (Wash. 2002) (en banc) ("a court must decide not only who owes the duty, but also to whom the duty is owed . . . .").

Here, the Jacks raise insufficient evidence for a reasonable trier of fact to conclude that the hazards of take-home asbestos exposure *to workers' family members* were or should have been foreseeable to UP before 1955, the last date when Patrick could have been exposed via his father's clothes. The Jacks' expert conceded that UP would have found "practically nothing in print describing specific cases" of family-member exposure before 1955, and that "[s]tudies on the occurrence of asbestos disease that included family members of asbestos-exposed workers were not published until the 1960s." Because the harm to workers' family members was not foreseeable, UP did not owe a duty to Patrick and summary judgment was appropriate.

As to Ford and DCo, judgment as a matter of law on the post-sale warning claim was proper. Even if Washington law countenanced the existence of a manufacturer's duty to warn of the dangers of post-sale exposures to a third party's products that exacerbate the original risk, the Jacks do not present evidence sufficient to meet their burden to prove that an adequate post-sale warning from Ford and DCo, whatever its scope, would have caused Patrick to avoid injury. *See Morgan v. Aurora Pump Co.*, 248 P.3d 1052, 1056 (Wash. Ct. App. 2011). Analogous Washington cases rest on evidence addressing the specific measures plaintiffs would have taken to avoid harm. *See e.g., Ayers ex rel. Ayers v. Johnson & Johnson Baby Prods. Co.*, 818 P.2d 1337, 1340–42 (Wash. 1991) (en banc). Patrick's deposition testimony regarding unspecified "precautions" he would have taken did not meet this bar. The lack of sufficiently specific evidence here would have left the trier of fact to speculate precisely how, and whether, Patrick would have altered his conduct because of a post-sale warning from Ford and DCo. *See Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 802–03 (9th Cir. 2009) (judgment as a matter of law "is appropriate when the jury could have relied only on speculation to reach its verdict").

**AFFIRMED**.